UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

BEATRICE SHIRLEY WILLIAMS-STEELE,

               Plaintiff,

     - against -

TRANS UNION, EXPERIAN, and EQUIFAX,

               Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

12 Civ. 310 (GBD) (JCF)

GEORGE B. DANIELS, District Judge:

    Plaintiff Beatrice Shirley Williams-Steele, proceeding *pro se*, brings this action against Trans Union, Experian, and Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681. *See* Compl. at 2-3. This Court entered default judgment against Trans Union on December 20, 2013 because Trans Union failed to timely answer or otherwise respond to the Complaint as required by Federal Rule of Civil Procedure 12(a)(1). *See* ECF No. 21. Trans Union subsequently moved to set aside the default judgment and dismiss on the ground that Plaintiff failed to properly serve Trans Union with a summons and complaint. *See* ECF No. 28 at 1. This Court granted Trans Union's motion in part, vacated the default judgment, and allowed Plaintiff thirty days to properly serve Trans Union. *See* Mem. Decision & Order (ECF No. 46) at 5-6. Plaintiff has submitted a letter seeking reconsideration of the July 29, 2013 order vacating the default judgment. *See* ECF No. 52. This Court referred the matter to Magistrate Judge Francis for his Report and Recommendation. Magistrate Judge Francis recommended that Plaintiff's motion for reconsideration be denied. This Court adopts Magistrate Judge Francis' Report in its entirety. Plaintiff's motion for reconsideration is DENIED.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Magistrate Judge's Report. *See* 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to

1

which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)).

In his Report, Magistrate Judge Francis advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, failure to file timely objections within fourteen days after being served with a copy of the Report would result in their waiver and preclude appellate review. Report at 1-2. Plaintiff filed timely objections on August 27, 2013. ECF No. 53.

A motion for reconsideration must be made within fourteen days of the order for which reconsideration is sought. Local Civil Rule 6.3. Plaintiff's motion to reconsider this Court's July 29, 2013 order was due on August 12, 2013. Plaintiff, however, did not file her letter seeking reconsideration until August 23, 2013. *See* ECF No. 52. Magistrate Judge Francis thus properly found that Plaintiff's motion was untimely.

In her objections to the Report, Plaintiff argues that the tardiness of her motion for reconsideration should be excused because she relied on instructions from the *pro se* office in filing her motion. *See* ECF No. 53 at 2. However, Plaintiff has failed to demonstrate that her failure to timely file the motion was due to misinformation she received from the *pro se* office. *See Hakala v. J.P. Morgan Sec.*, 186 F. App'x 131, 134 (2d Cir. 2006) (refusing to excuse plaintiff's lack of timeliness where plaintiff failed to sustain burden of showing that *pro se* office misled him). Plaintiff states only that the

2

*pro se* office advised her to respond to the July 29, 2013 Order. *See* ECF No. 53 at 2. Plaintiff does not argue that she was misled regarding the time permitted to file a motion for reconsideration. Thus, her reliance on information from the *pro se* office does not excuse her failure to timely file her motion for reconsideration.

Furthermore, even if Plaintiff's motion had been timely filed, it does not present any new information that would warrant reconsideration. "To be entitled to reargument, a party 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)). Plaintiff continues to merely rehash her argument that she properly served Trans Union with a summons and complaint through Trans Union's counsel. *See* ECF No. 53 at 2-3. This Court considered and rejected Plaintiff's argument in its Memorandum Decision and Order setting aside the default judgment. *See* ECF No. 53 at 4. Thus, Magistrate Judge Francis properly concluded that reconsideration of the Memorandum Decision and Order is not warranted.

## Conclusion

Magistrate Judge Francis' Report is adopted in its entirety. Plaintiff's Motion for Reconsideration is DENIED.

Dated: New York, New York
      April 9, 2014

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge

3