```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
BEATRICE SHIRLEY WILLIAMS-STEELE,    : 12 Civ. 0310 (GBD) (JCF)
                                     :
              Plaintiff,             :        REPORT AND
                                     :        RECOMMENDATION
     - against -                     :
                                     :
TRANS UNION, EXPERIAN, and           :
EQUIFAX,                             :
                                     :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.
```

Beatrice Shirley Williams-Steele, proceeding pro se, brings this action against Experian Information Solutions ("Experian") and two other credit reporting agencies alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 et seq. The claims relate to alleged errors in the plaintiff's credit reports, which were issued by the defendants.

Experian has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This defendant has also counterclaimed for breach of a Settlement Agreement that it entered into with Ms. Williams-Steele in April 2011 to resolve a prior lawsuit involving FCRA claims. For the reasons that follow, I recommend that the defendant's motion to dismiss be granted and its counterclaim be dismissed without prejudice.

Background

In her prior case, the plaintiff alleged violations of the

1

FCRA against Experian, Trans Union, and Equifax. (Complaint in 10 Civ. 6749 ("Prior Compl.")). She claimed her credit report contained inaccurate information, including an erroneous tax lien (Prior Compl., ¶ IIIC). On April 5, 2011, Ms. Williams-Steele entered into a Settlement Agreement with Experian in which the parties agreed to settle all claims for a total payment of $7,500.00 to the plaintiff. (Settlement Agreement and Release ("Settlement"), attached as Exh. B. to Defendant Experian's Counterclaim, ¶ 6). In return, the plaintiff agreed to release Experian from "any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown," based on the facts alleged in that prior litigation. (Settlement, ¶ 1). The agreement was entered into with the intention of "a full and final compromise, adjustment and settlement of all claims which were or could have been asserted in the Lawsuit, whether or not referred to therein." (Settlement, ¶ 2). As part of the Settlement Agreement, the plaintiff also acknowledged that all information in her April 4, 2011 Experian consumer disclosure was accurate. (Settlement, ¶ 5; April 2011 Consumer Disclosure ("April 2011 Consumer Disc."), attached as Exh. A to Settlement). The Prior Lawsuit was dismissed with prejudice.

On January 12, 2012, Ms. Williams-Steele filed the instant action. (Complaint ("Jan. 2012 Compl.")). In her Complaint, she

2

alleges that some contact information on her credit report, namely her phone number and an alternate address, was inaccurate, that certain credit accounts should have been included in the report, and that a tax lien was wrongfully reported. (Jan. 2012 Compl., ¶¶ IIIB, C).  She has since alleged that her Social Security number and employment record were incorrectly reported as well. (Affirmation of Beatrice Shirley Williams-Steele dated April 7, 2014 ("Pl. Aff.") at 1-2).

On March 31, 2014, Experian filed its motion for judgment on the pleadings.  The defendant argues that the plaintiff's claims regarding the inaccurate contact information are not actionable because "[i]dentifying information, such as addresses and telephone numbers, does not bear on a consumer's creditworthiness." (Experian Information Solutions, Inc.'s Memorandum in Support of Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Def. Memo.") at 4).  The defendant also contends that the plaintiff's claims regarding the missing credit accounts and the tax lien are barred by the terms of the Settlement Agreement and that it has no responsibility with respect to the tax lien claim. (Def. Memo. at 1).  In addition to these defenses, Experian asserts a breach of contract counterclaim, contending that the plaintiff breached the Settlement Agreement by filing the current action in which she asserts claims that were, or could have been, raised in the

previous lawsuit.  (Def. Memo. at 7).

Discussion

    A. Legal Standard

The standard for addressing a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as that used in evaluating a motion to dismiss under Rule 12(b)(6).  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011).  A court therefore must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Id. at 429 (citing Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009)).  A complaint need not contain detailed factual allegations, but it must contain more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).  Where a complaint's factual allegations permit the court to infer only that it is possible, but not plausible, that misconduct occurred, the complaint fails to meet the requirements of Rule 8.  Id. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  In ruling on a motion to dismiss, the court's task "'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y.

4

2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)).

Pro se complaints are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). In fact, pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Even after Iqbal, which imposed heightened pleading standards for all complaints, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997); accord Honig v. Bloomberg, No. 08 Civ. 541, 2008 WL 8181103, at *4 (S.D.N.Y. Dec. 8, 2008), aff'd, 334 F. App'x 452 (2d Cir. 2009).

B. The Plaintiff's Claims

The Complaint does not specify which claims apply to this defendant; to the extent plausible, I will construe the plaintiff's allegations as relating to Experian.

1. <u>Identifying Information</u>

Ms. Williams-Steele alleges that certain identifying information on her credit report is inaccurate. Specifically, she claims that the defendant inaccurately reported (1) her telephone number (because the area code was not indicated), (2) an alternate address, (3) an additional employer, and (4) her Social Security number. (Jan. 2012 Compl., ¶¶ IIIB, C; Pl. Aff. at 2). The first three claims were neither asserted in her prior Complaint nor addressed in the Settlement Agreement, so they are not barred by the terms of that Agreement. Nevertheless, they are not actionable. The fourth claim is barred by the Settlement Agreement.

Under the FCRA, a consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A "consumer report" is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" that is used, or is expected to be used, to determine eligibility for credit, insurance, or employment. 15 U.S.C. § 1681a(d)(1). The FCRA allows for a civil cause of action for willful or negligent

6

noncompliance "with any requirement imposed" by the FCRA. 15 U.S.C. §§ 1681n, 1681o. Therefore, the defendant may be held liable if it failed, either willfully or negligently, to follow reasonable procedures to assure accuracy of information that potentially could be used in connection with determining the plaintiff's eligibility for credit. 15 U.S.C. § 1681e(b). Neither a missing area code nor an inaccurate alternate address bear on any of the factors listed in 15 U.S.C. § 1681a(d)(1), nor are they likely to be used in determining eligibility for any credit-related purpose; therefore, these alleged errors are not actionable. See Ali v. Vikar Management, Ltd., 994 F. Supp. 492, 497 (S.D.N.Y. 1998) ("[N]o restriction is put on the use of information that is not a 'consumer report' . . . . Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1).").

Some employment information could adversely affect eligibility for credit. For example, if the report indicated that the plaintiff lacked employment, a potential creditor could rely on that information to deny credit. Here, the plaintiff states that she never worked for an employer that the defendant listed on her report. (May 2012 Consumer Disclosure ("May 2012 Consumer Disc."),

attached as Exh. 1 to Pl. Aff., at 6).[1]  The plaintiff works for the United States Postal Service ("USPS"), but her May 2012 Consumer Disclosure indicated that she works (or worked) for the United Parcel Service ("UPS") as well.  (Pl. Aff. at 2-3; May 2012 Consumer Disc. at 6).  Both employers are listed under a section titled "Former or current employers," giving no indication of whether Ms. Williams-Steele is currently employed or where.  (May 2012 Consumer Disc. at 6).  An incorrect additional former employer is not likely to bear on the credit worthiness of the plaintiff.  15 U.S.C. 1681a(d)(1); see also Ali, 994 F. Supp. at 497 (noting no restriction on the use of information that does not bear on the factors listed in 15 U.S.C. § 1681a(d)(1)).  Accordingly, in this case, the incorrect information is not prejudicial to an assessment of the plaintiff's eligibility for credit under the FCRA, and the claim should be dismissed.

Ms. Williams-Steele further alleges that Experian inaccurately reported her Social Security number in the Consumer Disclosure that serves as the basis for the instant Complaint.  (May 2012 Consumer Disc. at 6).  However, the number reported in the May 2012 Consumer Disclosure, which only displays the last four digits, is the same

---

[1] Because the May 2012 Consumer Disclosure is not consecutively paginated, I will refer to the page numbers provided by the Electronic Case Filing system.

as that reflected in the April 2011 Consumer Disclosure attached to the Settlement. (April 2011 Consumer Disc. at 9). The plaintiff reviewed the April 2011 Consumer Disclosure and affirmed as part of the Settlement Agreement that it was accurate (Settlement, ¶ 5); therefore, she is barred from asserting this claim. (Settlement ¶¶ 1-2).

Moreover, Experian states in its credit disclosures that it changes Social Security numbers for the privacy and security of the consumer. (May 2012 Consumer Disc. at 6; April 2011 Consumer Disc. at 9). In fact, as a "security precaution," the Consumer Disclosure specifies that Experian does not "list the Social Security number that [the consumer] provided." (May 2012 Consumer Disc. at 6). A partially visible Social Security number does not bear on a consumer's credit worthiness, unless it appears to be different from the one provided by the consumer to the creditor. The defendant preempts this potential confusion by explaining that the Social Security number listed on the report varies from the consumer's actual number. (May 2012 Consumer Disc. at 6). Therefore, the "inaccurate" Social Security number is not a ground for denying credit and is not actionable even if it were not barred by the Settlement Agreement.

### 2. Unreported Credit Account

Ms. Williams-Steele's claim regarding missing credit accounts is also precluded by the terms of the Settlement Agreement. The plaintiff alleges that several accounts, which currently do not appear on her credit report, should be reported. (Jan. 2012 Compl., ¶ IIIC). The plaintiff believes that listing these accounts on her report would result in an increased credit score. (Jan. 2012 Compl., ¶ IV). The only claim regarding an unreported account that the plaintiff asserts against Experian relates to a Saks Fifth Avenue account. (Pl. Aff. at 4). This account predates her prior suit (Jan. 2012 Compl., ¶ V), and she raised a similar claim there. (Prior Compl., ¶¶ IIIC, IV). Accordingly, the claim relating to this account is precluded by the express terms of the Settlement Agreement, in which Ms. Williams-Steele "release[d] and forever discharge[d]" Experian from all claims that could have been asserted in the Prior Lawsuit. (Settlement, ¶¶ 1-2).

### 3. Tax Lien

Ms. Williams-Steele alleges that a tax lien erroneously appears on her credit report. (Jan. 2012 Compl., ¶ IIIC). However, this claim is only pertinent to the defendant Trans Union and the plaintiff does not assert it as to Experian. (Pl. Aff. at 4). Accordingly, the tax lien claim should be dismissed.

C. <u>The Counterclaim</u>

The only issue that remains is the defendant's counterclaim for breach of the Settlement Agreement. The Settlement Agreement provides that "[i]n any action to enforce the terms of this Agreement . . . the prevailing party shall be entitled to recover its reasonable attorneys' fees and disbursements in addition to costs of suit." (Settlement, ¶ 12). The defendant asserts that the plaintiff has violated the express terms of the Settlement Agreement by bringing claims that were released and that it has incurred damages in the form of fees and costs responding to the Complaint and enforcing the Settlement Agreement. (Def. Memo. at 7).

However, a court is required to dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Because this counterclaim is based on breach of a settlement agreement -- a state common-law contract claim -- it does not appear to qualify as an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Similarly, although the parties may be citizens of different states, it is inconceivable that the fees and costs Experian incurred meet the $75,000 threshold for diversity jurisdiction. 28 U.S.C. § 1332(a). While the Court is empowered

to exercise supplemental jurisdiction over this counterclaim, see 28 U.S.C. § 1367, it should typically decline to do so if all federal claims have been dismissed. Haynes v. Zaporowski, 521 F. App'x 24, 28 (2d Cir. 2013); accord Lerner v. Fleet Bank, N.A., 318 F.3d 113, 130 (2d Cir. 2003). Accordingly, I recommend that the counterclaim be dismissed unless the defendant demonstrates why this Court would have subject-matter jurisdiction over it.

Conclusion

For the reasons set forth above, I recommend that the defendant's motion for judgment on the pleadings (Docket no. 84) be granted and the Complaint be dismissed. In addition, I recommend that the counterclaim be dismissed without prejudice to a showing that the Court has subject-matter jurisdiction. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable George B. Daniels, U.S.D.J., Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       June 6, 2014

Copies mailed this date to:

Beatrice Shirley Williams-Steele
1085 Nelson Avenue, 4A
Bronx, New York 10452

Anja P. Havedal-Ipp, Esq.
Jones Day
222 East 41 Street
New York, NY 10017