UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
BEATRICE SHIRLEY WILLIAMS-STEELE,    :
:
                Plaintiff,    :   MEMORANDUM DECISION
:   AND ORDER
           -against-    :   12 Civ. 0310 (GBD)(JCF)
:
TRANS UNION, EXPERIAN, and EQUIFAX,   :
:
                Defendants.    :
:
------------------------------------- x

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Beatrice Shirley Williams-Steele brought this action against Defendant Trans Union and two other credit reporting agencies, alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.* Plaintiff seeks damages in the amount of $3 million for injuries caused by Trans Union's issuance of credit reports containing allegedly inaccurate information. (*See* Compl. § V, ECF No. 2.) Trans Union filed a counterclaim for breach of a settlement agreement it entered into with the Plaintiff, and subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Countercl., ECF No. 58; Mot., ECF No. 64.) In an April 11, 2014 Report and Recommendation ("Report"), Magistrate Judge Francis recommended that this Court grant Trans Union's motion to dismiss Plaintiff's claims, and further recommended that Trans Union's counterclaim be dismissed without prejudice. (Report, ECF No. 88.) Magistrate Judge Francis's Report is adopted in its entirety.

### Relevant Facts

    The parties resolved a prior lawsuit involving similar FCRA allegations against Trans Union by entering into a settlement agreement (the "Agreement") on April 14, 2011. Under the

1

terms of the Agreement, Plaintiff agreed to release Trans Union "from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown, which Plaintiff had, now has, or may have" in connection with the action then brought against Trans Union. (Obj. at 9-10, ¶ 4, ECF No. 89.)[1] Plaintiff further acknowledged the accuracy of her April 4, 2011 Trans Union consumer disclosure (the "2011 Disclosure"), noting that the tax lien was inaccurate, but agreeing that this consumer disclosure "[would] not provide the basis for any future claims" against Trans Union. (*Id.* at 10, ¶ 5.) The Agreement also included a provision by which Trans Union could recover attorneys' fees incurred in enforcing any term or a breach of the Agreement. (*Id.* at 11, ¶ 12.) On January 12, 2012, Plaintiff filed the instant action. (Compl. at 4.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a

---

[1] Plaintiff attached a copy of the April 14, 2011 settlement agreement to her objections to the Report. (*See* Obj. at 9-11.)

Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

The objections of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x. 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)). Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quotation omitted), *aff'd*, 367 F. App'x 210 (2d Cir. 2010). To the extent that a party's objection does reiterate a prior argument, or consists entirely of conclusory or general arguments, the Court should review the Report for clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 12-13); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff timely filed objections to the Report on April 17, 2014, to which Trans Union responded on May 5, 2014. (*See* Obj. at 1; Response to Obj., ECF No. 90.) These objections reiterate Plaintiff's prior arguments in unclear and conclusory statements; state the factual circumstances surrounding her claims; and advance unsupported legal arguments.[2] Objections of this nature are not clearly aimed at particular findings in the Report and

---

[2] (*See, e.g.*, Obj. at 3 ("I would like to Ask the Judge to Reconsider My Situation And [] Review Again the tax lein [sic] that was On My Credit Report Being Reported inaccurately."); *id.* at 4 ("Why is it that When a Consumer tries to Contact . . . Trans Union for Correction of an error . . . No One corrects it until You enter into Court."); *id.* ("I Believe Its [sic] My Constitution[al] Right As A United States Citizen And Consumer to Report Wrong information On My Credit Report And Because I filed a law suit [sic] Now I Could Be Sued.").)

3

therefore do not trigger *de novo* review. *See Pinkney*, 2008 WL 2811816, at *1. Because Plaintiff's objections are unspecific and conclusory, this Court therefore reviews the Report for clear error.

### Tax Lien Claim and Credit Account Claim

Magistrate Judge Francis correctly found that Plaintiff's tax lien claim and credit account claims are barred by the terms of the parties' prior Agreement. (*See* Report at 5-9.) Plaintiff's claim that a tax lien erroneously appears on her credit report is precluded by this Agreement, in which Plaintiff agreed that the information in the 2011 Disclosure would not "provide the basis for *any* future claims against Trans Union." (*See* Obj. at 10, ¶ 5 (emphasis added).)[3] As Magistrate Judge Francis recognized, the most logical reading of this contract provision would prohibit Plaintiff from reasserting the same tax lien claim against Trans Union. (*See* Report at 6 & n.1.) The Report's recommendation to dismiss the tax lien claim was therefore not in error.[4]

With respect to the credit account claims, Plaintiff argues that certain accounts were improperly excluded from her consumer report and that their inclusion would have increased her credit score. (*See* Compl. §§ IIIC, IV.) The parties' Agreement, however, encompassed all claims that Plaintiff "had, now has, or may have . . . based directly or indirectly upon facts, events, transactions or occurrences related, alleged, embraced by or otherwise referred to at any time in the Lawsuit." (Obj. at 9-10, ¶ 4.) As a result, Plaintiff has released Trans Union from liability for claims concerning the three accounts (Saks Fifth Avenue, Lord & Taylor, and American Express) raised in her prior lawsuit, which she cannot bring again here. (*See* Report at

---

[3] (*See also* Obj. at 9-10, ¶ 4 (releasing Trans Union from liability for claims "referred to at any time in the Lawsuit . . . or which relate in any manner to Plaintiff's credit history information as reported by Trans Union . . . prior to the execution of this Agreement.").)

[4] Additionally, Trans Union notes that the disputed tax lien has since been removed and thus no longer appears on Plaintiff's credit report. (Reply at 2 n.1, ECF No. 67.)

4

7.) The Report also properly concluded that the claim as to the remaining Macy's account is barred because the account both predated the prior lawsuit[5] and appeared in the 2011 Disclosure, which Plaintiff certified was accurate in the Agreement. (*See* Report at 7-9; Obj. at 10, ¶ 5.) Because a claim as to the information associated with the Macy's account could have been raised in Plaintiff's prior action, Magistrate Judge Francis correctly determined that the instant credit account claim should be dismissed pursuant to the parties' Agreement. (*See* Report at 8-9.)

## Contact Information Claim

Magistrate Judge Francis further recommended dismissal of Plaintiff's contact information claim because it is not actionable under the FCRA. (*See* Report at 9-11.) A "consumer report" under the FCRA consists of "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used or expected to be used to determine the consumer's eligibility for credit, insurance, or employment, among other purposes. *See* 15 U.S.C. § 1681a(d)(1).[6] Here, as explained in the Report, an incorrect alternate address and missing area code do not bear on the factors listed in 15 U.S.C. § 1681a(d)(1), nor would this contact information be used to determine eligibility for any credit-related purposes. (*See* Report at 10.) Inaccurate reporting of this contact information is consequently not actionable as a "consumer report" under the FCRA.[7] Accordingly, Magistrate

---

[5] (*See* Compl. § IIIC (listing "2003" as a corresponding date for the Macy's account).)

[6] The consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," and may be held liable for willful or negligent noncompliance with this requirement. *See* 15 U.S.C. §§ 1681e(b); 1681n; 1681o.

[7] *See Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492, 497 (S.D.N.Y. 1998) (explaining that address information is not considered a consumer report because "it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1)," and the FCRA imposes no restriction on the use of such information).

5

Judge Francis's conclusion that this claim should be dismissed was not clearly erroneous. (*See* Report at 10.)

## Counterclaim

Finally, this Court sees no error in Magistrate Judge Francis's recommendation to dismiss, without prejudice, Trans Union's counterclaim for breach of the Agreement. (*See* Report at 11-12.) Under the Agreement, Trans Union may recover "reasonable attorneys' fees, costs, and expenses incurred in enforcing any term" of this contract "or for breach thereof." (Obj. at 11, ¶ 12.) Federal courts may exercise original jurisdiction over federal question or diversity cases, neither category of which encompasses Trans Union's state law counterclaim. *See* 28 U.S.C. §§ 1331, 1332(a); (*see also* Report at 11-12). This Court is statutorily empowered to exercise supplemental jurisdiction over Trans Union's contract claim, but it is not obligated to do so, particularly where this Court has dismissed the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("[A] district court's exercise of pendent jurisdiction is purely discretionary . . . . [Plaintiffs] certainly have no right to insist that the District Court retain jurisdiction of pendent state law claims after federal claims have been dismissed."). Because all federal claims against Trans Union have been dismissed, this Court declines to exercise jurisdiction over Trans Union's remaining state law counterclaim.

## Conclusion

Magistrate Judge Francis's Report and Recommendation is adopted in its entirety. Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's claims against Trans Union are DISMISSED with prejudice. Defendant's counterclaim is DISMISSED without prejudice. The Clerk of the Court is directed to close the motion at ECF No. 64, and to dismiss Defendant Trans Union from this case.

Dated: New York, New York
      February 10, 2015

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge