UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

BEATRICE SHIRLEY WILLIAMS-STEELE,

              Plaintiff,

     -against-

TRANSUNION, EXPERIAN, and EQUIFAX,

              Defendants.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

12 Civ. 0310 (GBD) (JCF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Beatrice Shirley Williams-Steele brought this action against Defendant Experian Information Solutions, Inc. ("Experian") and two other credit reporting agencies, alleging violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*. Plaintiff seeks damages in the amount of $3 million for injuries caused by the allegedly incorrect reporting of information on her credit report. (*See* Compl. § V, ECF No. 2.) Plaintiff claims that her phone number, address, work history, and Social Security number were inaccurate; a tax lien against her was wrongly reported; and a credit account[1] was wrongly excluded. (*See id.* §§ IIIB, C, V.) Defendant Experian filed a counterclaim for breach of a settlement agreement it entered into with the Plaintiff, and subsequently moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Countercl., ECF No. 76; Mot., ECF No. 84.) Before this Court is Magistrate Judge James C. Francis IV's June 6, 2014 Report and Recommendation ("Report"), in which he recommended that this Court grant Experian's motion to dismiss Plaintiff's claims, and

---

[1] Although Plaintiff brought claims against all Defendants regarding the reporting of various accounts, (*see* Compl. § C), her allegation as to Experian only concerns her Saks Fifth Avenue credit account. (*See* Pl.'s April 7, 2014 Aff. ("Aff.") at 4, ECF No. 86.)

that this Court dismiss Experian's counterclaim without prejudice. (Report, ECF No. 93.) Magistrate Judge Francis's Report is adopted in its entirety.

## Relevant Facts

In a prior action, Plaintiff resolved substantially similar FCRA claims concerning her credit report by entering into a settlement agreement with Experian dated April 5, 2011, in which she received $7,500.00. (Settlement Agreement and Release (the "Agreement"), Ex. B. to Countercl. (filed under seal), ¶¶ 1-7, ECF No. 81.) Plaintiff acknowledged under the terms of this Agreement that "any and all claims, demands, damages, actions, causes of action or suits of any kind or nature, known or unknown" relating to the claims then brought against Experian would be released. (*Id.* ¶ 1.) Plaintiff further certified in the Agreement that all information contained in an April 4, 2011 Experian disclosure (the "2011 Disclosure") was accurate. (*Id.* ¶ 5.) On January 12, 2012, Plaintiff filed the instant action.[2] (Compl. at 4.)

## Standard of Review

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions of the Report to which

---

[2] As in the Report, this Court will construe the allegations, to the extent it is able, as relating to Experian. (*See* Report at 5.)

objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting *Hernandez v. Estelle*, 711 F.2d 619, 620 (5th Cir. 1983)). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quotation omitted).

Magistrate Judge Francis advised the parties that failure to file timely objections to the Report would preclude appellate review. (Report at 12); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party objected to the Report. As there is no clear error, this Court adopts the Report in its entirety.

## Identifying Information

Magistrate Judge Francis recommended that this Court dismiss the claims relating to allegedly incorrect information on Plaintiff's credit report, including: (1) her telephone number, (2) an alternate address, (3) an additional employer, and (4) her Social Security number. (Report at 6-9.)

Under the FCRA, a "consumer report" consists of "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living" which is used or expected to be used to determine the consumer's eligibility for credit, insurance, or employment, among other purposes. *See* 15 U.S.C. § 1681a(d)(1).[3] Here, as noted in the Report, the correct reporting of Plaintiff's telephone number and additional address has no bearing on Plaintiff's credit worthiness or eligibility for credit, and therefore the alleged inaccuracies are not actionable. (*See* Report at 7 (citing *Ali v. Vikar Mgmt. Ltd.*, 994 F. Supp. 492,

---

[3] The consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates," and may be held liable for willful or negligent noncompliance with this requirement. *See* 15 U.S.C. §§ 1681e(b); 1681n; 1681o.

3

497 (S.D.N.Y. 1998) ("[N]o restriction is put on the use of information that is not a 'consumer report' as defined by 15 U.S.C. § 1681a(d)(1). Address information on a consumer, for example, is not a consumer report because it is not information that bears on any of the characteristics described in 15 U.S.C. § 1681a(d)(1).")).) Plaintiff's claim that her "[p]lace of employment [is] not [a]ccurate" is not actionable for the same reasons. (*See* Pl.'s April 7, 2014 Aff. ("Aff.") at 2-3, ECF No. 86.) The Report correctly concluded that the erroneous inclusion of an *additional* employer to Plaintiff's work history would not be "prejudicial to an assessment of the plaintiff's eligibility for credit under the FCRA," nor would this information adversely affect the other factors listed in 15 U.S.C. § 1681a(d)(1). (*See* Report at 8); *see also Ali*, 994 F. Supp. at 497. Accordingly, Plaintiff's FCRA claims involving her telephone number, alternate address, and employment history should be dismissed.

The Report also properly found that the Plaintiff could not assert an FCRA claim as to the inclusion of four, allegedly incorrect, digits of her Social Security number. (*See* Report at 8-9.) This claim is barred by Plaintiff's prior settlement Agreement, in which Plaintiff confirmed that the information contained in the 2011 Disclosure—which included these same four digits—was accurate. (*See* Agreement ¶ 5; *compare* Aff., Ex. 1 at 2 (reflecting the allegedly incorrect numbers in the credit report at issue), *with* Agreement, Ex. A at 9 (reflecting the same last four digits in the 2011 Disclosure).)[4]

## Unreported Credit Account

As correctly explained in the Report, the terms of the Agreement additionally bar Plaintiff's claim that Experian's failure to include the Saks Fifth Avenue account on her credit report

---

[4] The credit report at issue also clearly explains that Experian, "[a]s a security precaution," does not report the Social Security number that the consumer provides, but a variation thereof. (*See* Report at 9 (citing Aff., Ex. 1 at 2).)

4

adversely affected her credit score. (*See* Report at 10.) Under the Agreement, Plaintiff released Experian from "any and all claims . . . which were *or could have been* asserted" in the prior action. (Agreement ¶¶ 1-2 (emphasis added).) Plaintiff does not dispute that the Saks Fifth Avenue account predated the April 5, 2011 Agreement, and she consequently was able to bring a claim concerning this account in her prior lawsuit. (*See* Compl. ¶ V (noting the "1995-2009" dates of the Saks Fifth Avenue account).) In accordance with the Agreement's express language, the instant claim is precluded. (*See* Report at 10.)

### Tax Lien

In her opposing affidavit, Plaintiff confirms that Experian did not erroneously report a tax lien on her credit report. (Aff. at 4 ("As to the lien[, it] wasn't reported by Experian [but] by Trans Union.").) Because this claim is neither relevant to nor asserted against Experian, Magistrate Judge Francis properly concluded that Plaintiff's tax lien claim should be dismissed. (*See* Report at 10.)

### Counterclaim

Finally, this Court sees no error in Magistrate Judge Francis's recommendation to dismiss, without prejudice, Experian's counterclaim for breach of the Agreement. (*See* Report at 11.) Federal courts may exercise original jurisdiction over federal question or diversity cases, neither category of which encompasses Experian's state law counterclaim. *See* 28 U.S.C. §§ 1331, 1332(a); (*see also* Report at 11). This Court is statutorily empowered to exercise supplemental jurisdiction over Experian's contract claim, but it is not obligated to do so, particularly where this Court has dismissed the claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c); *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) ("[A] district court's exercise of pendent jurisdiction is purely discretionary . . . . [Plaintiffs] certainly have no right to insist that the District

Court retain jurisdiction of pendent state law claims after federal claims have been dismissed."). Because all federal claims against Experian have been dismissed, this Court declines to exercise jurisdiction over its remaining state law counterclaim.

## Conclusion

Magistrate Judge Francis's Report and Recommendation is adopted in full. Defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's claims are DISMISSED with prejudice. Defendant's counterclaim is DISMISSED without prejudice. The Clerk of the Court is directed to close the motion at ECF No. 84, and this case.

Dated: New York, New York
       February 10, 2015

SO ORDERED.

*[signature]*

GEORGE B. DANIELS
United States District Judge